IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 2:14-00181

**REGINALD B. BENNETT**

### UNITED STATES SENTENCING MEMORANDUM

The United States of America by counsel, by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, offers the following Sentencing Memorandum for this Court's consideration and in anticipation of defendant's sentencing, presently scheduled for January 8, 2015, at 1:30 p.m. At the defendant's plea, parties were instructed to have optional sentencing memoranda submitted to the Court no later than Thursday, December 4, 2014.

**I.    Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

    **A.    Nature and Circumstances of the Offense**

Defendant was a person who was prohibited from possessing guns due to prior felony offenses including Robbery, Robbery with a Dangerous and Deadly Weapon, and Armed Carjacking. Despite being a prohibited person, defendant obtained a rifle by way of trade in 2009.

On September 11, 2013, defendant possessed a handgun under the

seat of his car during an encounter with the police.  After this encounter, defendant moved the rifle to his girlfriend's home to prevent its discovery by the police.  It is to this crime that defendant pled.

### B. History and Characteristics of the Offender

Defendant has multiple violent felony convictions.  Defendant was convicted of Robbery and also a handgun violation on June 16, 1995.  Presentence Investigation Report ("PSR"), Paragraph ("¶") 54.  He was sentenced to ten years in prison for robbery and four years in prison for the handgun violation, which sentences were run concurrently.  *Id*.

Defendant was also convicted of Robbery with a Dangerous and Deadly Weapon and Carrying a Handgun on September 14, 1994, for which he also received a 10-year prison sentence. PSR ¶ 55.  Defendant was further convicted of Armed Carjacking and Assault.  PSR ¶ 56. Defendant received a 15-year prison sentence on June 30, 1994 for the Armed Carjacking and five years for Assault, which ran concurrently. PSR ¶ 56.

Defendant was also convicted of a probation offense and Battery in July 8, 1992, where he received three years in prison after his probation was revoked in 1995. PSR ¶¶ 52, 53.

For all the convictions related to the robberies, defendant violated parole in 2007 by failing to report to the supervising

2

probation officer and failing to pay fees. PSR ¶ 54 – 56. Defendant ultimately discharged parole for all felony robbery and handgun offenses in 2009. Defendant also has misdemeanor convictions of Telephone Harassment in 1991, Fraud Relating to Checks in 1991, Theft of a Motor Vehicle in 1991, and a Probation Violation, Battery and Carrying a Deadly Weapon in 1995. PSR ¶¶ 49 – 53.

Plainly, defendant has an extremely serious criminal history which includes multiple violent robberies and weapons violations. Defendant also has a spate of additional criminal conduct apart from the robbery convictions. Finally, defendant has violated probation or parole on three different occasions. PSR ¶¶ 51 - 54, 56.

## II. Statutory Objectives

### A. To Reflect the Seriousness of the Offense, Prompt Respect for the Law and Provide Just Punishment

Defendant is a multiple prior convicted violent felon who knew the seriousness of obstructing an investigation, and also knew that he should not possess a firearm. Obstructing an Investigation is a serious offense and Being a Felon in Possession of Firearms (ancillary to the crime for which he pled) is also a serious crime.

### B. To Afford Adequate Deterrence and Protect the Public From Further Crimes

Defendant must be deterred from committing further crimes. Defendant's lengthy incarceration period did not deter him from criminality. Defendant committed the instant offenses in 2013.

This includes Possession of a Firearm ("handgun"), Possession of a Firearm ("rifle"), and Obstructing an Investigation. Defendant continuously possessed the rifle since 2009, when he obtained it in trade. PSR ¶ 35. Defendant's sentence should send a strong message that investigations should not be obstructed and felons must not possess guns for any reason.

**III. <u>Sentencing Range/Available Sentence</u>**

    **A. Probation's Calculation**

The statutory maximum term of imprisonment is 20 years. The PSR calculates the advisory Guideline range of 30 – 37 months, based on an offense level of 15. PSR ¶¶ 37 – 47. Defendant has a criminal history of IV. PSR ¶¶ 37 – 58. The Court has the authority to impose a variance sentence above or below the advisory Guideline range. The Guideline sentence falls within Zone D, making defendant ineligible for probation. PSR ¶ 84.

    **B. The Guideline Calculation of the United States**

The United States actually believes the defendant's USSG offense level calculation should be 24. The United States takes the position that defendant's criminal history is incorrectly calculated at ¶ 39 of the PSR, which suggests an offense level of 18 for the instant offense.

Defendant pled to offense level §2J1.2(C)(1) and there is a cross-reference contained within that Guideline at §2X3.1.

4

However, United States Sentencing Guideline §1B1.2(a) states that, "in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two applicable to the stipulated offense." USSG §1B1.2(a).

In the plea agreement and stipulation, defendant admits to obstructing an investigation. In the stipulation, defendant admits that his conduct involving the obstruction of the investigation involved possession of a gun, specifically a Ruger M 77 Mark II Winchester Magnum. *See* Plea Agreement Stipulation pp. 4 – 6; *see also*, Defendant's Statement in PSR ¶ 35.

Defendant is a convicted felon who is a prohibited person in possession of a firearm. PSR ¶ 54 – 56. Therefore, §1B1.2(a) states that §2K2.1 should control the instant offense. This is the most serious offense and results in a base offense level of 24.

The United States believes defendant has in fact accepted responsibility and that appropriate reductions should be applied. If the Court finds the offense level 21 is appropriate in the instant offense, defendant will be a criminal history category IV, with a sentence in the 57 – 71 month range.

C.  **The United States' Argument for a Variance**

Assuming, *arguendo*, §2B1.1 does not control, and defendant's

5

offense conduct is that of 18 (as set forth in the PSR), the United States submits the guideline calculation does not accurately capture defendant's conduct in the instant offense. The history and characteristics of this defendant combined with the nature and circumstances of this offense and surrounding conduct call for a sentence above the advisory Guideline range.

Defendant's suggested Guideline range of 30 – 37 months is a good deal lower than defendants similarly situated in this district, notably, *United States v. Burkey,* Criminal No. 6:13-cr-00106 (receiving a sentence of 100 months) and *United States v. Smith,* Criminal No. 2:13-cr-00193 (receiving a sentence of 60 months) on similar facts.

In the instant case, defendant had in his possession, dominion, and control two firearms. Defendant admitted to and pled guilty to obstructing a law enforcement investigation relating to his possession of at least one of these firearms. Accordingly, defendant's sentence should be reflective of the crime to which he pled guilty. *See Braxton v. United States,* 500 U.S. 344, 346-347 (1991)(use of §1B1.2(a) is appropriate in calculating proper sentence to determine guideline range); *United States v. Avery,* 395 F. App'x. 72 (4th Cir. Sep. 9, 2010) (use of stipulation and facts in PSR is appropriate in forming sufficient factual basis for plea).

Defendant pled guilty to a crime for which he would not be

subjected to a mandatory 15-year sentence for possessing a firearm. The United States believed, and continues to believe, it to be in the interest of justice to not subject this defendant to a mandatory fifteen year sentence if defendant were to be convicted of a firearm offense. This is due to defendant's possession of the guns (as opposed to use during the commission of a crime), and defendant's efforts at rehabilitation post-imprisonment (notwithstanding his illegal possession of the Ruger rifle since 2009). Nevertheless, defendant's offense should be taken seriously and treated similarly to other defendants who have been in similar postures before this Court. Defendant's history or violent criminal acts underscores a need for an above the Guideline sentence. For this reason, an upward variance from the recommended Guideline sentence is appropriate.

    **D.**    **Restitution**

The United States is aware of no restitution issues in this case.

    **E.**    **Victim Notification**

The United States is aware of no victims that would need to be noticed in this case.

    **F.**    **Time**

The United States notes there are two outstanding objections from the defendant, relating to whether certain paragraphs should be excised from the PSR. It is the belief of the United States that these objections can be resolved through simple presentations to the

Court as opposed to the need to call witnesses. Likewise, the United States' argument on which guideline calculation should be used and also its argument for an upward variance also be presented to the Court without the need to call witnesses. These issues are a matter of interpretation to which this Court is accorded due deference. It is the belief that all issues can be presented to the Court promptly.

    Therefore, the United States anticipates sentencing to last between 30 to 45 minutes.

    Respectfully submitted,

    R. BOOTH GOODWIN II
    United States Attorney


    s/Erik S. Goes
    ERIK S. GOES
    Assistant United States Attorney
    WV State Bar No. 6893
    300 Virginia Street, East, Room 4000
    Charleston, West Virginia  25301
    Telephone:  304-345-2200
    E-mail: erik.goes@usdoj.gov

8

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 4th of December, 2014, to:

        Brian D. Yost
        209 West Washington Street
        Charleston, WV 25302

        s/Erik S. Goes
        ERIK S. GOES
        Assistant United States Attorney
        WV State Bar No. 6893
        300 Virginia Street, East
        Room 4000
        Charleston, West Virginia 25301
        Telephone: 304-345-2200
        Fax: 304-347-5705
        E-mail: erik.goes@usdoj.gov