# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA,**

**V.**                                                                                                **CRIMINAL NO: 2:14-cr-00181**

**REGINALD BENNETT,**

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Reginald Bennett, through his undersigned counsel, files this Sentencing Memorandum in aid of sentencing, currently set for January 8, 2015, at 1:30 p.m. before the Honorable Thomas E. Johnston. On August 26, 2014 the Defendant plead guilty to a one Count Information of Concealing Evidence in violation of 18 U.S.C. §1512(c)(1).

The Presentence Investigation Report ("PSR"), calculates a sentence range of 30-37 months based upon a total offense level of 15 with a criminal history category of IV. PSR at ¶ 78. Defendant moves this Honorable Court for a downward departure and/or variance below the applicable guideline range for the reasons set forth herein. Mr. Bennett, however, does recognize the serious nature of his crime and accepts responsibility for his actions. He is prepared to pay his debt to society and to move forward with his life as a productive law abiding citizen.

## 18 U.S.C. § 3553(a) FACTORS

The Court shall impose a sentence sufficient, but not greater than necessary to comply with the purpose of 18 U.S.C. § 3553(a)(2) and shall consider all the factors of § 3553(a). *Id.* The Fourth Circuit Court of Appeals has held that a district court has "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery,* 631 F.3d, 679 (4th Cir.), cert. *denied*, 132 S.Ct. 187 (2011).

A. **Nature and Circumstance of the Offense /History and characteristics of the Defendant**

The PSR adequately sets forth the nature and circumstance of the offense and the history of the Defendant. It should be considered by the Court, that the Defendant has acknowledged the severity of the crime and accepted responsibility for his actions. During the several months which Defendant has been under the supervision of the U.S. Probation Office, he has been a productive, law abiding member of society.

**Nature and Circumstance of the Offense**

Mr. Bennett stands convicted of Obstruction by Concealing Evidence which he acknowledges is a serious crime. However, the circumstances behind this conviction are important. Mr. Bennett was originally pulled over by three (3) Charleston Police Department ("CPD") vehicles and four (4) police officers for an alleged cell phone / window tint violation. During the stop, while Mr. Bennett was being fully cooperative, one officer claimed to see "marijuana shake" on a pop can in the car. (Testing later confirmed there was no marijuana in the car).

Based upon this alleged observation, the officer decided to remove Mr. Bennett from the vehicle and circled around the car and opened the driver side door directing Mr. Bennett to exit the vehicle. While exiting the vehicle, Mr. Bennett reached for his wallet under the driver seat. The officers interpreted this as a threatening motion and pulled their weapons and physically retrained and hand-cuffed Mr. Bennett. A revolver was subsequently located under the driver's seat of the vehicle. Mr. Bennett was then charged in State court with being a prohibited person in possession of a firearm. The State charges were dismissed on September 20, 2013.

On December 17, 2013 Mr. Bennett was advised that the CPD was attempting to serve a federal arrest warrant and he agreed to voluntarily turn himself in. On December 18, 19 and 20, Mr. Bennett made separate attempts to turn himself in for arrest only to be advised by the CPD that they

did not yet have the warrant. (The evidence established that the warrant had been received and signed by the CPD on December 19).

In January of 2009, Mr. Bennett had performed plumbing work for an elderly woman who was unable to pay in full for the services performed. Her son asked if he would accept a Ruger Rifle as partial payment. In order to assist the elderly customer in making the payment without creating a hardship on her, Mr. Bennett agreed. After becoming aware that the United States was pursuing the federal gun charges, he had the gun moved to the home of his girlfriend, Jennifer Allen, and placed with her collection of guns. This constitutes the offense of conviction.

It was not until Friday evening, December 20, 2013, that the officers called to notify Mr. Bennett that they were ready for him to come in. Having learned that no federal magistrate was available such that he would have to remain in jail over the weekend, Mr. Bennett asked to be allowed to come in the following Monday. Later that night, CPD located Mr. Bennett's vehicle and when he returned to the vehicle CPD approached and opened the driver's side door and told Mr. Bennett to get out and lay face down on the ground. Mr. Bennett responded by raising and showing his hands while remaining in the vehicle. and asked the officers "what about my tools?" One officer then reached in to remove Mr. Bennett from the vehicle. As he did so, the other officer tazed Mr. Bennett twice.

**History and Characteristics of the Defendant**

The Defendant grew up in a high crime area of Baltimore Maryland. He actually left his home when he was fourteen years old to live with his seventeen year old girlfriend. PSR at ¶ 63. Between the ages of eighteen and twenty-one Mr. Bennett developed a significant criminal history culminating with a two week crime spree where he was involved in three separate robberies for which he was convicted resulting in his nine (9) criminal history points and his criminal history

category IV.

The Defendant respectfully requests the Court to consider his life after these crimes committed while he was twenty one years old. Mr. Bennett spent ten (10) years in prison and an additional five(5) years on probation. While in Prison Mr. Bennett obtained an Associate's Degree in Business Management from the Center of Degree Studies in Scranton, Pennsylvania.

Upon his release from prison in 2004 Mr. Bennett moved to West Virginia to start a new life. He worked various jobs while at the same time starting his own home repair business, Home Maintenance, Inc. Mr. Bennett obtained his Master Plumber's license. He also became certified in Refrigerant Transition and Recovery qualifying him for HVAC work. He has successfully operated his home maintenance business since 2004. PSR at ¶¶ 71-73.

Since his release from prison in 2004, Mr. Bennett has been a productive, law abiding citizen of the State of West Virginia. Until this unfortunate incident, Mr. Bennett has been a positive example of how a young man can be rehabilitated from his criminal past. As such Mr. Bennett's criminal history category of IV, while properly calculated is not a true reflection of the man that stands before this Court today.

**B.     The need for the sentence imposed.**

This Court is vested with discretion in light of the provisions of §3553(a)(2) and the Federal Sentencing Guidelines so as to balance the need to reflect the seriousness of the offense, provide for punishment and adequate deterrence, and protect the public. It is the Defendant's position that a sentence within in the Guideline Range of 30-37 months far exceeds what is necessary to meet this requirement given the nature and circumstances of this offense.

**C.     Kinds of sentences available.**

The PSR accurately addresses the kinds of sentences which are available.

**D.     Sentencing range established by the guidelines.**

The PSR accurately addresses the range of sentences as expressed in the guidelines.

## GROUNDS FOR VARIANCE /DEPARTURE

Mr. Bennett asks this Court to grant a variance sentence below the properly calculated sentencing range under the sentencing guidelines. The PSR sets forth a sentencing range of 30-37 months based upon a total offense level of 15 and a criminal history Category IV. A sentence in this range would be substantially greater than necessary to comply with the purposes of 18 U.S.C. § 3553 (a)(2). Although Obstruction by Concealing Evidence is a serious offense, Mr. Bennett's sentencing range is substantially a product of his nine (9) criminal history points which were the result of a two week spree of a twenty-one (21) year old occurring twenty (20) years ago.  That individual paid a significant price for those actions and has since been rehabilitated from that past.

In addition, while Mr. Bennett is being sentenced for Obstruction, the Guidelines actually penalize him twice for this criminal history compounding the impact of his past.  The guideline for 18 U.S.C. § 1512(c)(1) offenses is found in U.S.S.G. §2J1.2 which results in a Base Offense Level of 14 under §2J1.2(a).  However, the application of §2J1.2(c)(1) results in a cross reference to §2X3.1 (Accessory After The Fact) for the underlying offense being obstructed, in this case Felon in Possession.  This requires a calculation under §2K2.1 and then reducing that offense level by six (6) levels.

When §2K2.1 is applied to Mr. Bennett, the offense level is 24 based upon the fact that he has at least two prior felony convictions.  This results in a Base Offense Level under §2X3.1 of 18 (24-6).  Mr. Bennett's Total Offense Level is 15 after Acceptance of Responsibility.  This is then applied to his Criminal History Category IV resulting in the 30-37 month range.

As a result, Mr. Bennett's criminal history is reflected twice in his sentencing range

calculation. While this is a proper application of the Guidelines, the result is particularly egregious given the circumstances of this case, the age of the criminal history and the obvious rehabilitation and transformation in the Defendant's life since those convictions.

If Mr. Bennett's prior convictions were not applied to the calculation under §2K2.1 the resulting offense level would be lower than the §2J1.2 Level of 14 resulting in 14 being the applicable Offense Level. Even considering one of Mr. Bennett's prior convictions would result in an offense Level of 14. (A single prior conviction would result in an offense level of 20. After reducing that by 6 the applicable Offense Level would be 14). His Total Offense Level would be 12 after acceptance of responsibility.

The Defendant acknowledges that the Guidelines have been properly applied in this case. However, this double counting of his criminal history under the circumstances of this particular case actually overstates the criminal history of the rehabilitated Reginald Bennett appearing before the Court.

Furthermore, this Court is very familiar with the facts and circumstances surrounding this case having heard hours of testimony, arguments and written motions. With that background, the Court granted the Defendant's Motion To Revoke Detention on September 3, 2014, and released the Defendant after being detained for 8 ½ months.

Since his release Mr. Bennett has been working to restore as much as possible of the life he had built since 2004. His business has suffered significant loss including his hardware store where he also operated Home Maintenance, Inc., which was foreclosed upon. Before being foreclosed the pipes burst damaging much of his property. He has not been able to recover many of his tools and other possessions. Nonetheless he is working hard to prepare for his ultimate release from custody so he can restart his business and return to being a productive member of society.

Given the facts and circumstances of this case, the Defendant asserts that a just sentence of time served and a lengthy period of supervised release will reflect the seriousness of this offense and promote respect for the law while affording Mr. Bennett a chance to continue being a productive member of society. Such a sentence is also a significant restriction on the liberty of an individual and combined with the additional non-penal consequences of this felony conviction and Mr. Bennett's new found familiarity with the application of the Armed Career Criminal Act will all serve to deter Mr. Bennett from future illegal conduct and deter others from becoming involved with such activity. With the supervision provided by the United States Probation Office, such a sentence will also further protect the public from any further crimes by Mr. Bennett, although the risk of any further criminal activity appears very low.

An examination of the record this matter illustrates that Mr. Bennett is likely to successfully complete any term of supervised release imposed by the Court without any violations. Since his supervision by the United States Probation Office began, Mr. Bennett has been cooperative and there have been no violations. PSR at ¶ 13. Mr. Bennett and society would both be better served by a sentence of time served and supervised release which would allow him to support himself than by having taxpayers bear the burden of incarcerating him.

## MATTERS TO BE ADDRESSED AT SENTENCING AND ESTIMATE OF TIME

Counsel for Mr. Bennett does not intend to offer any witnesses or evidence at the sentencing and estimates the time needed for sentencing to be 30-45 minutes.

## CONCLUSION

Considering the factors of 18 U.S.C. §3553(a) as well a the Defendant's grounds for a valance or departure, the Defendant requests this Honorable Court to grant him the requested sentence. In the alternative, should the Court determine that additional confinement is necessary or

appropriate, that the Court allow the Defendant to serve such sentence on home detention.

                                      Respectfully submitted,

                                      REGINALD BENNETT


                                  By: /s/ Brian D. Yost, Esq.
                                         Counsel for Defendant
                                           WV State Bar ID #4166

HOLROYD & YOST
Attorneys at Law
209 W. Washington St.
Charleston, WV 25302
(304) 343-7501

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA,**

**V.**  **CRIMINAL NO: 2:14-cr-00181**

**REGINALD BENNETT,**

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 4th day of December, 2014 to:

Erik Goes, Esquire
Assistant U.S. Attorney
PO Box 1713
Charleston, WV 25326
erik.goes@usdoj.gov